IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHARLA HARRIS**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-2307-L** |
| | § | |
| **CITY OF BALCH SPRINGS** and | § | |
| **WILLIAM EDWARD MORRIS**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Joint Status Report ("Report") of the parties, filed April 29, 2014. The Report raises the issue whether all proceedings in this case should be stayed pending resolution of Defendant William Edward Morris's ("Morris") interlocutory appeal of this court's denial of his qualified immunity defense regarding two claims asserted by Plaintiff Charla Harris ("Harris").

**I.   Background**

Morris pleaded the defense of qualified immunity and argued in Defendants' Motion for Partial Dismissal of Plaintiff's First Amended Complaint that he was entitled to this defense regarding two of Harris's claims. Government officials who perform discretionary functions are entitled to the defense of qualified immunity, which shields them from suit as well as liability for civil damages, if their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

On March 28, 2014, the court ruled that Morris was not entitled to qualified immunity on Harris's claim of race discrimination under 42 U.S.C. § 1981 and association discrimination claim

under the First Amendment to the United States Constitution, which is brought pursuant to 42 U.S.C. § 1983. Ct.'s Mem. Op. & Order 16-26. These claims are set forth in Plaintiff's First Amended Complaint ("Complaint") in Counts Three and Four.

On April 25, 2014, Morris filed his notice of appeal. As a result of this interlocutory appeal, he requests or suggests a global stay of all proceedings in this court, including "discovery, trial, etc." Report 1, 3-5. In support of his request or suggestion for a global stay, Morris cites *Ascroft v. Iqbal*, 556 U.S. 662, 685-86 (2009). Although Morris did not file a formal motion to stay all discovery and proceedings, the court treats his request for such a stay as a motion and will rule as if Morris formally filed a motion to stay all discovery and proceedings in this case.

## II.     Discussion

Morris does not state the specific language from *Iqbal* on which he relies; however, the court assumes it is based on the following passage:

> The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of *disruptive* discovery. There are serious and legitimate reasons for this. If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government. . . .
>
> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

556 U.S. at 685-86 (internal quotation marks and citation omitted) (emphasis added). "One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (citation omitted). In light of this obvious benefit, the court understands why Morris seeks a stay; however, his reliance on *Iqbal* is misplaced. The court does not read *Iqbal* as requiring a global stay of all pretrial proceedings, including discovery, pending the outcome of a defendant's interlocutory appeal.

In *Iqbal*, the court specifically held that the "complaint fail[ed] to plead sufficient facts to state a claim for purposeful and unlawful discrimination." 556 U.S. at 687. Thus, the holding in *Iqbal* turned on the inadequacy of the pleadings. Because of the inadequacy of the allegations in the complaint, the Supreme Court "decline[d] to relax the pleading requirements on the grounds that the Court of Appeals promise[d] petitioners minimally intrusive discovery," held that the plaintiff was "not entitled to discovery," and remanded the case for further proceedings consistent with its opinion. *Id.* at 686-87. In this case, the court has already ruled that the allegations of Plaintiff's Complaint, if true, were sufficient to state claims upon which relief could be granted as to Counts Three and Four and that the allegations were sufficient to defeat Morris's entitlement to qualified immunity. Accordingly, the concerns raised and addressed by the Court in *Iqbal* are simply not present in or applicable to this case.

Morris also misconstrues the effect of an appeal. As the Supreme Court aptly stated, "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see also*

**Memorandum Opinion and Order – Page 3**

*Alice L. v. Dusek*, 492 F.3d 563, 564 (5th Cir. 2007) (holding same as to the filing of a notice of an interlocutory appeal).

The court is unaware of any authority that precludes discovery and pretrial matters from proceeding on claims not related to those made the subject of an interlocutory appeal. Qualified immunity is "a right to immunity *from certain claims*, not from litigation in general." *Behrens v. Pelletier*, 516 U.S. 299, 312 (1996) (emphasis in original). The interlocutory appeal by Morris only relates to Counts Three and Four. This action includes several other claims: Count One (Breach of Contract); Count Two (Violation of Due Process under 42 U.S.C. § 1983); Count Five (Title VII Race and Retaliation Discrimination); and Count Six (Race Discrimination under State Law). Pl.'s First Am. Compl. 14, 15, 21, 23. These claims, as pleaded and in light of rulings made by the court, are only against the City, not Morris. As such, the defense of qualified immunity is not available and may not be asserted by Morris as to Counts One, Two, Five, and Six of Plaintiff's Complaint. Discovery may proceed on those claims that are legally distinct and for which a party may not assert the defense of qualified immunity. *Dusek*, 492 F.3d at 565. As qualified immunity is unavailable on these claims and they are legally distinct from those set forth in Counts Three and Four of Plaintiff's Complaint, discovery related to the claims set forth in Counts One, Two, Five, and Six is not "disruptive" and will not impede or circumvent any right or entitlement to qualified immunity, or otherwise interfere with any aspect of Morris's appeal.

The court fully understands that valid reasons exist to prohibit discovery and pretrial proceedings regarding Counts Three and Four, which are the bases for Morris's interlocutory appeal. The court can think of no legal reason why discovery and pretrial matters may not proceed with respect to Counts One, Two, Five and Six of the Complaint. With respect to these claims, Morris and Defendant City of Balch Springs (the "City") are represented by the same counsel, and

**Memorandum Opinion and Order – Page 4**

the interests of both Defendants are closely aligned.[1]  Accordingly, if discovery is attempted regarding Counts Three and Four, Morris's counsel is in a position to protect his interests regarding any matter currently on appeal.

Any assertion that Morris should be protected from discovery or pretrial proceedings regarding Counts One, Two, Five, and Six is wholly without merit.  This is so because Morris, for "good or bad," is "front and center" in this litigation.  He will be the key witness for the City, as Harris makes him the focal point on all six counts of Plaintiff's Complaint.  Simply put, Morris is a material witness with respect to those claims against the City.  Therefore, even if the Fifth Circuit were to grant Morris qualified immunity as to Counts Three and Four, he would necessarily be required to testify on behalf of the City regarding Counts One, Two, Five, and Six of Plaintiff's Complaint.  Without Morris, the City has little or no defense to Harris's allegations, and thus he is pivotal to the City's defense.  Whether Morris is subjected to discovery on these counts now or after the resolution of qualified immunity is quite beside the point.  Moreover, the court is confident that it can put in place adequate safeguards to ensure that discovery and pretrial matters may proceed without affecting Morris's interlocutory appeal of the court's denial of qualified immunity.

As a final matter, the court is concerned about the age of this case.  The case will be three years old in September, and the court is concerned about the delay that has occurred thus far.  The court believes that this action should move forward to the extent permitted by law.  Federal courts have inherent authority to manage their dockets to ensure "the orderly and expeditious disposition

---

[1] Apparently, there is no conflict of interest or strong potential for conflict of interest between Morris and the City, as they have the same counsel.  If such conflict or strong potential for conflict existed, the City and Morris would require separate counsel.  Moreover, in light of the pleadings and court rulings, Morris is not even a party to the claims set forth in Counts One, Two, Five, and Six.

**Memorandum Opinion and Order – Page 5**

of cases." *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995) (citation omitted). "This power is necessarily incident to the judicial power granted under Article III of the [United States] Constitution." *Id.* (citation omitted). For the reasons stated, there simply is no reason to delay discovery on Counts One, Two, Five, and Six of Plaintiff's Complaint. Accordingly, discovery may proceed on these four counts once the court issues a scheduling order, which it will do in the next few days, unless ordered otherwise by the Fifth Circuit.

Waiting to allow discovery on issues not related to qualified immunity unnecessarily delays resolution of this case. The court, however, will not set the action for trial until the issue of qualified immunity is resolved on appeal. If the Fifth Circuit reverses this court and holds that Morris is entitled to qualified immunity on Counts Three and Four, Morris fares none the worse, yet discovery will be well underway or completed by the time the appellate decision is rendered. If the Fifth Circuit leaves undisturbed this court's ruling, the court will simply make the necessary adjustment to allow the parties sufficient time to conduct discovery on the issue of qualified immunity.

## III.  Conclusion

For the reasons herein stated, the court **denies** Morris's request to stay all discovery and pretrial proceedings. Discovery may proceed with respect to Counts One, Two, Five, and Six of Plaintiff's Complaint once the court issues a scheduling order.[2] Discovery and pretrial matters may not proceed with respect to Counts Three and Four of Plaintiff's Complaint, as they relate to Morris's appeal of the court's denial of his qualified immunity defense. If discovery or other

---

[2] The parties' Status Report, contrary to the court's instructions, does not set forth the amount of time needed for discovery. Accordingly, the court will rely on its experience in estimating the time needed for discovery.

**Memorandum Opinion and Order – Page 6**

proceedings are attempted regarding Counts Three or Four, Morris may seek appropriate relief from the court. Further, the court will set no trial date until the issue of qualified immunity is resolved on appeal, and it will adjust the discovery deadline, as necessary, depending on the outcome of the interlocutory appeal.

    **It is so ordered** this 21st day of May, 2014.

*[Signature]*

Sam A. Lindsay
United States District Judge